ANTHEIL MASLOW & MacMINN, LLP
By: Thomas P. Donnelly, Esq., Atty. ID #69590
By: Patricia C. Collins, Esq., Atty. ID #78648
131 West State Street
Doylestown, PA  18901
T: (215) 230-7500                                                         Counsel for Plaintiffs
F: (215) 230-7796
tdonnelly@ammlaw.com
pcollins@ammlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY D. HARRISON, on behalf of himself and those similarly situated, 5675 Indian Way Riegelsville, PA 18077 | : COLLECTIVE ACTION FOR UNPAID : OVERTIME UNDER FLSA : : |
| **Plaintiff,** | : |
| vs. | : : |
| DELGUERICO'S WRECKING & SALVAGE, INC. 2895 Grouse Lane, Suite 100 Riegelsville, PA 18077 | : : : : : |
| and | : : |
| TONY DELGUERICO, Individually 2895 Grouse Lane, Suite 100 Riegelsville, PA 18077 | : : : |
| **Defendants.** | : NO. |

## COMPLAINT

Named Plaintiff, Zachary D. Harrison, on behalf of himself and those similarly situated (hereinafter referred to as "Plaintiffs"), by and through his attorneys, Antheil Maslow & MacMinn, LLP, hereby complains as follows against Defendants:

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has personal jurisdiction over Defendants as Defendants' contact with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the claims herein arise under laws of the United States, specifically the FLSA, 29 U.S.C. § 201 *et seq*.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff Zachary Harrison is an adult individual residing at the address set forth above.

8. Defendant DelGuerico Wrecking & Salvage, Inc. is an entity with an address set forth above.

9. Defendant Tony DelGuerico is an adult individual who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices

of Defendants, which resulted in Defendants failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA.

10. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants in non-exempt positions subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs").

12. Defendants are engaged in Interstate Commerce as required under Section 207 of the FLSA.

13. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

14. There are numerous similarly situated current and former employees of Defendant who were improperly uncompensated for overtime work in violation of the FLSA, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

17. The foregoing paragraphs are incorporated herein as if set forth in full.

18. Named Plaintiff and Plaintiffs are current and/or former hourly employees of Defendant, who, within the last three years, have been or are presently employed by Defendant.

19. At all times relevant herein, Named Plaintiff and Plaintiffs routinely worked in excess of forty hours per week.

20. Although Named Plaintiff and Plaintiffs often worked overtime hours, they were only ever compensated with their "regular rate of pay," as defined by Section 207 of the FLSA.

21. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years, in which they failed and continue to fail to compensate Named Plaintiff and Plaintiffs for overtime work.

22. In addition, upon information and belief, Defendants have routinely mischaracterized employees as independent contractors.

23. Notwithstanding such characterization as independent contractors, Defendants controlled the day to day activities including but not limited to working hours, work locations, work methods, work materials, tools and equipment, working personnel and customer relationships.

24. Accordingly, for all purposes relevant to Plaintiffs' Complaint and the FLSA, such independent contractors should be deemed employees.

## COUNT I
### Fair Labor Standards Act ("FLSA")
### (Failure to pay Overtime Compensation)
### (Named Plaintiff and Plaintiffs v. Defendants)

25.  The foregoing paragraphs are incorporated herein as if set forth in full.

26.  At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

27.  Defendant Tony DelGuerico is subject to individual liability pursuant to Section 203(d) of the FLSA.

28.  At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Plaintiffs.

29.  At all times relevant herein, Named Plaintiff and Plaintiffs were and are employed by Defendants as "employees" within the meaning of the FLSA and/or mischaracterized as independent contractors such that Plaintiffs should be included in the collective action.

30.  Pursuant to Section 207(a)(1) of the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per week.

31.  Plaintiffs, although regularly working in excess of forty hours per week, only ever received their regular rate of pay for overtime work.

32.  Defendants' conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

33.  As a result of Defendants' misconduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff and Plaintiffs pray that this Court enter an Order providing that:

(1)   Defendants are to be prohibited from continuing to maintain their illegal policy, practice or customs in violation of federal wage and hour laws;

(2)   Defendants are to compensate, reimburse and make Named Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3)   Named Plaintiff and Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case, pursuant to 29 U.S.C. § 216(b);

(4)   Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

(5)   Named Plaintiff and Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

ANTHEIL MASLOW & MACMINN, LLP

By: _____
Thomas P. Donnelly, Esquire
Counsel for Plaintiffs
131 West State Street
Doylestown, PA  18901
T:  (215) 230-7500
F:  (215) 230-7796
tdonnelly@ammlaw.com

## VERIFICATION

I, Zachary D. Harrison, the Plaintiff in the within matter, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Zachary D. Harrison

Date: 9/9/2013