IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACHARY D. HARRISON, on behalf of himself and those similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : : | |
| DELGUERICO'S WRECKING & SALVAGE, INC., and | : : : | NO. 13-5353 |
| TONY DELGUERICO, Individually, | : : | |
| Defendants. | : : | |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                    **MARCH 18, 2015**

      Presently before this Court is Plaintiff, Zachary Harrison's ("Plaintiff"), "Motion to Certify Class," Defendants, DelGuerico's Wrecking & Salvage, Inc. and Tony DelGuerico's (collectively, "Defendants"), Memorandum of Law in Opposition, and Plaintiff's Reply thereto. For the reasons set forth below, this Motion is granted.

**I.     BACKGROUND**

      On September 13, 2013, Plaintiff filed a Complaint alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. See Compl. ¶ 4. Specifically, Plaintiff filed this action on behalf of himself and other similarly situated current and former employees of DelGuerico's Wrecking and Salvage, Inc. ("Defendant") pursuant to 29 U.S.C. § 216(b). Id. ¶ 11. Plaintiff asserts that he and his co-workers consist of refuse truck drivers and office

employees who worked for Defendant from September 2010 through the present. (Pl.'s Mot. at 2.) Plaintiff alleges that Defendant failed to pay him and these similarly situated former and current employees overtime wages for a number of years, either claiming them as exempt employees under 29 U.S.C. 213(b)(1) or misidentifying employees as independent contractors. (Id.) Plaintiff asserts that, although he and these other employees often worked overtime hours, Defendants only compensated them with their "regular rate of pay" as defined by Section 207 of the FLSA. (Id.)

      The instant Motion follows more than a year of discovery efforts on the part of Plaintiff attempting to ascertain the names and contact information of potential putative class members. The docket indicates that Plaintiff filed a Motion to Compel Responses to Plaintiff's Interrogatories and Request for Production of Documents on March 4, 2014. (Doc. No. 8.) This Motion was granted by this Court on March 26, 2014, and Defendants were ordered to comply within 45 days. (Doc. No. 12.) Because Defendants failed to comply with this Order, Plaintiff filed a Motion for Sanctions on May 23, 2014. (Doc. No. 13.) The Motion was granted on June 19, 2014, and on July 22, 2014, Defendants were ordered to pay Plaintiff's counsel the amount of $3,000. (Doc. Nos. 16, 19.) Defendants' counsel, David Macfarlin, Esq., filed a Motion to Withdraw on October 22, 2014, which was granted on November 14, 2014. (Doc. Nos. 20, 22.) New counsel for Defendants, Ari Risson Karpf, Esq., entered his appearance on December 12, 2014. (Doc. No. 25.)

      On December 22, 2014, we ordered Defendants to produce to Plaintiff "an itemized list stating all employees who worked as W-2 employees, as well as, individuals who were paid outside of the payroll as independent contractors, within the last three years on or before January

15, 2015." (Doc. No. 28.)  We also ordered Plaintiff to file a Motion for Conditional Class Certification on or before January 22, 2015.  (Id.)  Plaintiff filed the instant Motion to Certify Class on January 22, 2015.  (Doc. No. 31.)  Defendants filed a Memorandum of Law in Opposition on February 9, 2015, and Plaintiff, subsequently, filed a Reply.  (Doc. Nos. 32-33.)

In the instant Motion, Plaintiff requests that this Court conditionally certify a FLSA collective action and order notice sent to members of a class defined as follows:

> i) all non-exempt employees (including those improperly categorized as independent contractors) employed by DelGuerico's Wrecking & Salvage, Inc. after September 13, 2010, ii) who worked overtime hours but were not paid overtime wages of at least one and one half times the applicable regular wage rate for each hour worked beyond forty (40) hours in a given work week at any time during their employment and iii) opt in to this collection action.

(Pl.'s Mot. at 2.)

Plaintiff asserts that on January 13, 2015, Defendants finally supplied a listing of their employees and contractors.  (Id. at 2.)  Plaintiff, however, contends that "Defendant does not provide material information such as 'job title', 'dates of employment', classification or 'last known address for several employees.'"  (Id. at 2-3.)  Plaintiff further claims that "no records of 1099's reflecting payments to independent contractors have been produced," and that he is aware of at least three individuals who were not listed.  (Id. at 3.)  Plaintiff, thus, argues that, in addition to conditionally certifying a FLSA collective action, Defendants should also be ordered to supplement their discovery responses and the list of employees and provide last known addresses for every potential putative class member so that the notice required by the FLSA can be effectuated.  (Id.)

## II. DISCUSSION

Collective actions brought under the FLSA are governed by § 216(b), which provides for an opt-in procedure for plaintiffs desiring to be included in the litigation. 29 U.S.C. § 216(b). There are two requirements for potential plaintiffs to be included in the collective action: plaintiffs must (1) be "similarly situated" and (2) give written consent. Id. (stating that "[a]n action to recover the liability . . . may be maintained . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" and plaintiffs must "give[ ] [their] consent in writing to become such a party and such consent is filed in the court in which such action is brought"). However, the "similarly situated" standard for employees to proceed collectively under the FLSA is not defined by the statute. Symczyk v. Genesis Healthcare Corp., 656 F.3d 189, 192 (3d Cir. 2011). The FLSA also does not provide specific procedures by which potential plaintiffs may opt in, but the Supreme Court has held that "district courts have discretion, in appropriate cases, to implement [§ 216(b) ] . . . by facilitating notice to potential plaintiffs." Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 169 (1989). The Court further stated that "once a[ ] [FLSA] action is filed, the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." Id. at 171.

"In deciding whether a suit brought under § 216(b) may move forward as a collective action, courts typically employ a two-tiered analysis." Symczyk, 656 F.3d at 192. During the initial phase, which is conducted early in the litigation process when the court has minimal evidence, "the court makes a preliminary determination whether the employees enumerated in the complaint can be provisionally categorized as similarly situated to the named plaintiff." Id. "[I]f

the plaintiff carries [his] burden at this threshold stage, the court will 'conditionally certify' the collective action for the purposes of notice and pretrial discovery." Id. "After discovery, and with the benefit of a much thicker record than it had at the notice stage, a court following this approach then makes a conclusive determination as to whether each plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff." Id. at 193. If the plaintiff carries his heavier burden during the second phase "the case may proceed to trial as a collective action." Id.

At the first step of the inquiry, "the plaintiff . . . [must] make a modest factual showing that the proposed recipients of opt-in notices are similarly situated." Id. Under this standard, "a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." Id. However, this remains a lenient burden. Smith v. Sovereign Bancorp Inc., No. 03-2420, 2003 WL 22701017, at *3 (E.D. Pa. Nov. 13, 2003); see also Resch v. Krapf's Coaches, Inc., No. 11-6893, 2012 WL 2500623, at *3 (E.D. Pa. June 29, 2012). Further, the merits of plaintiff's claims need not be evaluated in order for notice to be approved and disseminated. Resch, 2012 WL 2500623, at *3; see also Chabrier v. Wilmington Fin., Inc., No. 06-4176, 2006 WL 3742774 (E.D. Pa. Dec. 13, 2006).

### A. Conditional Certification

In accordance with the above, we address only the first part of the two-tier analysis- whether Plaintiff can make a "modest factual showing that the proposed recipients of opt-in notices are similarly situated." See Symczyk, 656 F.3d at 193. Here, at this stage of the

litigation, some discovery has been completed. Although Plaintiff contends that such discovery is incomplete, he asserts that he has met this "modest factual showing," through the submission of his affidavit and payroll records from the Defendant.

Defendants argue that Plaintiff's "allegations supporting this lawsuit are threadbare at best and only come from two locations, Plaintiff's Complaint and a subsequent affidavit." (Defs.' Resp. at 2.) Defendants further maintain that Plaintiff has not "submitted any evidence that suggests a common decision, policy, or plan," nor has he "submitted any affidavits from similarly situated employees." (Defs.' Resp. at 6.) Defendants also assert that "Plaintiff does not identify anything similar about the putative class aside from their hours and that they received their regular rate of pay." (Id. at 7.) We, however, disagree and find that Plaintiff has made the required "modest factual showing that the proposed recipients of opt-in notices are similarly situated." See Symczyk, 656 F.3d at 193.

In his affidavit, Plaintiff states that he is aware of a company policy against the payment of overtime which applies to all non-management employees, and of other Defendant employees who regularly worked more than forty hours, but did not receive overtime rates. (Harrison Aff. ¶¶ 7-9.) In addition, he asserts that he is aware of other individuals, like himself, who were employed for periods of time as independent contractors who did not receive overtime or the benefit of employer withholding taxes. (Id. ¶ 10.)

Plaintiff also offers payroll records from Defendants' payroll provider which he asserts reflect that their employees routinely worked in excess of forty hours per week. (Pl.'s Mot. at 10.) As examples, Plaintiff gives the names of several employees whose payroll records reflect

that they regularly worked more than forty hours per week. Plaintiff further submits that Defendants' "responses to interrogatories and request for production of documents reflect that not a single employee received overtime wages, and that Defendants maintain no records or policies reflecting how or why they classify their employees as exempt." (Id. at 11.)

Based on these submissions, we find under the "lenient" first step of conditional certification that Plaintiff has made a "modest factual showing" that there are "similarly situated" persons who may desire to opt into the litigation. See Smith, 2003 WL 22701017, at *3; Resch, 2012 WL 2500623, at *3. If Defendants have evidence or obtain evidence that Plaintiff or any other Plaintiff that opts in is not "similarly situated," such evidence is more appropriately reviewed pursuant to a decertification motion or a motion for summary judgment after more discovery has been completed. See Bosley v. Chubb Corp., No. 04-4598, 2005 WL 1334565, at *3 (E.D. Pa. June 3, 2005) (finding that evidence that proposed class members did not perform the same duties as named plaintiffs is appropriately considered at step two); see also Resch, 2012 WL 2500623, at *3. However, at this preliminary stage of the case, Plaintiff has met his burden of a "modest factual showing." See Scott v. Bimbo Bakeries, Inc., No. 10-3154, 2012 WL 645905, at *10 (E.D. Pa. Feb. 29, 2012); see also Resch, 2012 WL 2500623, at *3. Accordingly, this Court will conditionally certify a collective action consisting of all of the individuals who were employed by Defendant who worked more than forty hours during any workweek since September 13, 2010.[1]

---

[1] We address the issue of the appropriateness of this opt-in date in the section that follows.

### B. Form of Notice and Opt-In Consent

Once a court conditionally certifies a collective action, it possesses the discretion to provide court-facilitated notice. Hoffman-La Roche, 493 U.S. at 170. Such notice: (1) ensures that the employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate," and (2) "serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cut off dates to expedite the disposition of the action." Id. at 172. District courts have wide discretion in the implementation of notice to proposed plaintiffs. See Engers v. AT&T, No. 98-3660, 2007 WL 1557163, at *1 (D.N.J. May 24, 2007) (citing Hoffmann–La Roche, 493 U.S. at 169) ("Decisions as to whether to facilitate notice to potential plaintiffs, and how to facilitate it, are matters entrusted to the district court's discretion.").

Plaintiff has submitted a proposed "Notice of Opportunity to Join a Lawsuit to Recover Back Overtime Wages" ("Notice") and a consent form, and requested that this Notice be posted within all of Defendants' work sites in the same areas in which it is required to post FLSA notices. See 29 C.F.R. § 516.4 (requiring posting of FLSA requirements "in conspicuous places in every establishment where such employees are employed so as to permit then to observe easily a copy."). Plaintiff asserts that this "Notice informs class members in neutral language of the nature of the action, of their right to participate in it by filing a consent to sue form with the Court, and the consequences of joining or not joining the action." (Pl.'s Mot. at 12.)

Defendants have made no objections to the form of this Notice other than arguing that, if this Court did grant Plaintiff's Motion, the Notice would have to be modified to go back three

years from the date of this decision. Defendants assert that Plaintiff's "attempt to include class members dating back to 2010 is incorrect as such claims are barred by the statute of limitations." (Defs.' Resp. at 8.) The FLSA requires that actions be filed within two years of a violation, or three years if plaintiffs allege a willful violation of the statute. 29 U.S.C. § 255(a). In the case of a collective action: "For a named plaintiff, the action commences on the date the complaint is filed. 29 U.S.C. § 256(a). For an opt-in plaintiff, however, the action commences only upon the filing of a written consent." Symczyk, 656 F.3d at 200 (citing § 256(b). Defendants argue that "if this Court were to grant Plaintiff's Motion on the date of [their] Response, February 9, 2015, that means that any potential claim of any putative Plaintiff that stopped working for Defendants before February 9, 2013 would be time-barred - or in the case of a willful violation: February 9, 2012." (Defs.' Resp. at 8.)

Plaintiff does not address this issue in his Motion or in his Reply Brief. In addition, Plaintiff does not request that this Court apply the doctrine of equitable tolling. The equitable tolling doctrine is applicable to every federal statute of limitation, including the FLSA. See Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 845 (3d Cir. 1992). The doctrine "can rescue a claim otherwise barred as untimely by a statute of limitations when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009) The Court of Appeals for the Third Circuit ("Third Circuit") has identified "three principal situations in which equitable tolling is appropriate." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 591 (3d Cir. 2005). Those situations are: (1) "where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision"; (2)

"where the plaintiff in some extraordinary way has been prevented from asserting his rights"; or (3) "where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id. The Third Circuit, however, has yet to address the issue of whether equitable tolling is appropriate where a defendant fails to disclose the names of potential collective action members. See Adami v. Cardo Windows, Inc., 299 F.R.D. 68, 82-83 (D.N.J. 2014).[2]

Here, as discussed earlier, Defendants have been less than forthcoming during the past year with regard to Plaintiff's discovery requests as to the names and contact information of potential Plaintiffs, which has necessitated this Court's intervention, including the issuing of sanctions. Because of Defendants' conduct during this discovery period, we will, at this time, defer a ruling on the issue of whether equitable tolling is appropriate in this case. Such action would allow inclusion in the conditional class potential Plaintiffs who worked for Defendants dating back to September 13, 2010. We, thus, approve the Notice[3] as to this date, but defer a ruling on the size and scope of any class until discovery is complete and the issue of final certification is before the Court. At that time, we will also entertain argument from the parties on the applicability of the doctrine of equitable tolling if the statute of limitation remains an issue regarding any Plaintiff who opts into the class.

---

[2] We note that the Court in Adami ruled that "Defendants' failure to provide potential plaintiffs' names and contact information prior to conditional certification [did] not itself justify tolling the statute of limitations period." 299 F.R.D. at 82-83. However, we further note that Third Circuit case law also provides for equitable tolling of the statute of limitations when it "is demanded by sound legal principles as well as the interests of justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

[3] This Notice is attached to this Memorandum Opinion.

### III.     CONCLUSION

We find that Plaintiff has met the "lenient" first step of conditional certification by making a "modest factual showing" that there are similarly situated persons who may desire to opt into this litigation.  See Smith, 2003 WL 22701017, at *3.  We also approve the Notice proposed by Plaintiff.  Furthermore, we defer a ruling on the issue of the statute of limitations and equitable tolling until a further period of discovery has been completed as to identify potential Plaintiffs and final certification of the class.

An appropriate Order follows.