## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY D. HARRISON, on behalf of himself and others similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| v | No. 13-5353 |
| DELGUERICO'S WRECKING & SALVAGE, INC. and TONY DELGUERICO, Individually, | |
| Defendants. | |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                          **APRIL 29, 2016**

Presently before this Court is Defendants, DelGuerico's Wrecking & Salvage, Inc. and Tony DelGuerico's (collectively "Defendants"), Motion For Sanctions Against Thomas P. Donnelly, Esq. ("Mr. Donnelly") and the Law Firm of Antheil Maslow and Macminn, LLP ("AM&M") (collectively "Plaintiff's Counsel"), and the Response in Opposition by Plaintiff, Zachary Harrison ("Plaintiff").  For the reasons set forth below, the Motion is denied.

### I.   BACKGROUND

On September 13, 2013, Plaintiff filed a Complaint alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  (See Compl. ¶ 4.)  Specifically, Plaintiff filed this action on behalf of himself and other similarly situated current and former employees of DelGuerico's Wrecking and Salvage, Inc. pursuant to 29 U.S.C. § 216(b).  (Id. ¶ 11.)  On January 22, 2015, Plaintiff filed a Motion to Certify Class. (Doc. No. 31.)  On March 18, 2015, this Court granted Plaintiff's Motion.  (Doc. No. 35.)  On June 30, 2015, in accordance with this

ruling, Plaintiff filed 7 opt-in forms for the following individuals: (1) Travis Coon; (2) Joel Harrison; (3) Zachary Harrison; (4) Kayla Huhn; (5) Tyler Keeping; (6) Larry Snyder, Jr.; and (7) Justin Walsh. (Doc. No. 36.)

Plaintiff alleged that Defendants failed to pay him and these similarly situated former and current employees overtime wages for a number of years, either claiming them as exempt employees under 29 U.S.C. § 213(b)(1) or misidentifying employees as independent contractors. (See Compl. ¶¶ 20-22.) Plaintiff asserted that, although he and these other employees often worked overtime hours, Defendants only compensated them with their "regular rate of pay" as defined by Section 207 of the FLSA. (Id. at ¶ 20.) Defendants filed a Motion to Decertify the class on December 31, 2015. (Doc. No. 48.) We granted this Motion on March 2, 2016, which decertified the class, leaving only Zachary Harrison as a Plaintiff. (Doc. No. 52.)

Presently before this Court is Defendants' Motion for Sanctions. (Doc. No. 55.) Defendants allege that Plaintiff's Counsel "knowingly filed, pursued, fully litigated, and required Defendants to defend for 8 months against 2 plaintiffs who had no possible legal claim while insisting upon settlement for them." (Defs.' Mot. for Sanctions at 1.) Plaintiff denies these allegations and alleges that he had no duty to investigate all of the opt-in plaintiffs' claims to ensure they were viable before the close of discovery, and any delays in the case were the result of Defendants' own conduct during the course of discovery. (Pl.'s Resp. to Defs.' Mot. for Sanctions at 1-4.)

## II. **STANDARD OF REVIEW**

Under the general principle of law, known as the "American Rule," each party to a lawsuit pays their individual attorneys' fees. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,

421 U.S. 240, 247 (1975). However, numerous exceptions to this rule have been established, with one such exemption being the federal cost statute, 28 U.S.C. § 1927. In pertinent part, § 1927 states that, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

The principal purpose of § 1927 is "the deterrence of intentional and unnecessary delay in the proceedings." Zuk v. East. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 297 (3d Cir. 1996) (quoting Beatrice Foods v. New England Printing, 899 F.2d 1171, 1177 (Fed. Cir. 1990)). As such, the imposition of sanctions is reserved for "instances of serious and studied disregard for the orderly process of justice." Ford v. Temple Hosp., 790 F.2d 342, 346-47 (3d Cir. 1986) (quoting Overnite Trans. Co. v. Chicago Ind. Tire. Co., 697 F.2d 789, 795 (7th Cir. 1983)).

A finding of willful bad faith is a prerequisite to an award under § 1927. In re Orthopedic Bone Screw Prods., 193 F.3d 781, 795 (3d Cir. 1999) (stating that § 1927 applies only to conduct of "an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation"). The imposition of sanctions under § 1927 requires a finding that the offending attorney: (1) acted in bad faith or through intentional misconduct; (2) to multiply the proceedings; (3) through conduct that can be characterized as unreasonable and vexatious; and (4) which resulted in an increase in the cost of the proceedings. Trauma Serv. Grp., P.C. v. Hunter, MacLean, Exley & Dunn, P.C., No. 99-5979, 2000 WL 764911, at *2 (E.D. Pa. June 12, 2000) (citing Williams v. Giant Eagle Mkts., Inc., 883 F.2d 1184, 1191 (3d Cir. 1989)).

Since the aim of § 1927 is toward promoting the speed and efficiency of the proceedings, costs imposed under § 1927 must correlate to particularized misconduct. See In re Prudential Insur. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002). In cases where the entire litigation was unfounded, fees and costs may be awarded for the entire course of the proceedings. Trauma Serv. Grp., P.C., 2000 WL 764911, at *2. The United States Court of Appeals for the Third Circuit ("Third Circuit") held that a "high standard" guards the imposition of sanctions pursuant to § 1927 to insure "that the provision in no way will dampen the legitimate zeal of an attorney in representing his client." Baker Indus., Inc. v. Cerberus Ltd., 764 F.2d 204, 216 n.4 (3d Cir. 1984) (citing House Conf. Report No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S.Code Cong. & Ad.News 2716, 2782).

## III.  DISCUSSION

### A.  Sanctions under 28 U.S.C. § 1927

In this case, Defendants have failed to meet the heavy burden needed for sanctions to be imposed under § 1927. Consequently, we find that § 1927 sanctions are not warranted against Mr. Donnelly or AM&M.[1] Essentially, Defendants' rationale for sanctions is that Plaintiff's Counsel kept two opt-in plaintiffs, Joel Harrison ("Harrison") and Justin Walsh ("Walsh"), in the case throughout the eight month discovery period even though their claims had no legal merit, which Plaintiff's Counsel allegedly knew or should have known. (Defs.' Mot. for Sanctions at 5-6.) Specially, Defendants contend that Harrison had no legal claim since he admitted, in a case for overtime wages, that he had never worked overtime, and Walsh had no legal claim since his

---

[1] The Third Circuit has affirmed § 1927 sanctions against law firms. See Baker Indus., Inc. v. Cerberus Ltd., 764 F.2d 204 (3d Cir. 1985).

4

claim was barred by the relevant statute of limitations. (Id.) Additionally, Defendants argue that Plaintiff's Counsel had months to investigate the claims of the plaintiffs after they opted in. (Id. at 6-7.) Defendants contend that Plaintiff's Counsel: (1) forced Defendants to have to answer discovery for the two opt-in plaintiffs; (2) forced Defendants to take the depositions of the two opt-in plaintiffs; (3) forced Defendants to have to request written discovery for the two opt-in plaintiffs; (4) attempted to leverage settlement for the two opt-in plaintiffs; and (5) failed to withdrawal the two opt-in plaintiffs from the case between June 30, 2015, through March 2, 2016. (Id. at 4-5.)

Plaintiff's Counsel responds by agreeing that Harrison admitted he could not partake in the claim, but this was only after his deposition and when written discovery was closed. (Pl.'s Resp. to Defs.' Mot. for Sanctions at 2.) Regarding Walsh, Plaintiff's Counsel contends that not only is the statute of limitations an affirmative defense to which Defendants have the burden of proof, the application of such a defense is a direct result of Defendants' unwillingness to comply with discovery early on in the case. (Id.) Furthermore, Plaintiff's Counsel contends that the nature of the action as a collective action and the applicable procedures to such an action weigh against imposing sanctions. (Id. at 4.) To adequately address Defendants' contentions, we will analyze Plaintiff's Counsel's conduct for the actions that occurred during and after discovery separately.

### *1. Sanctions for Conduct During Discovery*

We do not find that sanctions are appropriate against Plaintiff's Counsel for any conduct that occurred during the discovery period. The fact that this was a collective action guides our decision-making. The Third Circuit "follow[s] a two-step process for deciding whether an action

5

may properly proceed as a collective action under the FLSA." Camesi v. Univ. of Pitts. Med. Ctr., 729 F.3d 239, 243 (3d Cir. 2013). At the first step, the named plaintiff must make a "modest factual showing" that the employees identified in the complaint are "similarly situated."[2] Zavala v. Wal Mart Stores Inc., 691 F.3d 527, 536 n.4 (3d Cir. 2012). At the second stage, with the benefit of discovery, the court "makes a conclusive determination that every plaintiff who has opted in to the collective action is in fact similarly situated to the named plaintiff."[3] Symczyk, 656 F.3d at 193.

The developments in this case were consistent with the process developed by the Third Circuit. We "conditionally certified" the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. (Doc. No. 35.) At this point, the six additional opt-ins joined the case, and discovery took place in order for this Court to make a conclusive determination as to whether each opt-in to the collective action was in fact similarly situated to Plaintiff. Defendants contend that, during this time period, Plaintiff's Counsel should have investigated the parties who opted in to the action to ensure they had viable claims. (Defs.' Mot. for Sanctions at 4-5.) Defendants have failed to present us with any case-law in the Third Circuit, or any jurisdiction for that matter, that has ever placed such a duty on counsel to

---

[2] The court conducts a preliminary inquiry into whether the plaintiff's proposed class members were collectively "the victims of a single decision, policy, or plan." Ruehl v. Viacom, Inc., 500 F.3d 375, 388 (3rd Cir. 2007) (citing Sperling v. Hoffman–La Roche, Inc., 862 F.2d 439, 407 (3d Cir. 1988), aff'd, 493 U.S. 165 (1989)). The plaintiff must produce some evidence "beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." Symczyk v. Genesis HealthCare Corp., 656 F.3d 189, 193 (3rd Cir. 2011), rev'd on other grounds, 133 S.Ct. 1523 (2013).

[3] The plaintiff bears a heavier burden of proof at this second stage and must prove, by a preponderance of the evidence, that the proposed collective plaintiffs are similarly situated. Zavala, 691 F.3d at 537. In other words, named plaintiff must prove that it is "more likely than not" that the opt-in plaintiffs are similarly situated. Id. (citing Myer v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010); O'Brien v. Ed Donnelly Enters., 575 F.3d 567, 584 (6th Cir. 2009)). Taking an ad hoc approach, courts should "consider all the relevant factors and make a factual determination on a case-by-case basis." Id.

investigate each and every opt-in plaintiff in a collective action. Such a requirement would not only be a tremendous burden on counsel, but would also be impractical, as there are often hundreds of opt-in plaintiffs in a collective action. To expect counsel to fully investigate all of their individual claims is unrealistic. Furthermore, this is exactly why the Third Circuit has adopted a two-tier certification process. The second stage of the certification process allows for discovery to be completed, so that a defendant is afforded the opportunity to obtain vital information and file a motion to decertify and dismiss those opt-ins that he or she feels should not be a part of the collective action. As such, we find that sanctions are not warranted under the circumstances for the conduct of Plaintiff's Counsel during discovery.

### 2. *Sanctions for Conduct After Discovery*

We also do not find that sanctions are warranted against Plaintiff's Counsel for the conduct that occurred after discovery concluded. Defendants make no allegations that Plaintiff's Counsel kept the two opt-in plaintiffs in the case for an ulterior motive such as harassment or delay. Rather, Defendants contend that Plaintiff's Counsel should have withdrawn the opt-ins before they were forced to address their meritless claims. (Defs.' Mot. for Sanctions at 5-7.) To simplify matters, we will address the conduct of Plaintiff's Counsel regarding each opt-in separately to determine whether sanctions are warranted under § 1927.

#### a. **Joel Harrison**

We do not find that sanctions are warranted against Plaintiff's Counsel for failing to withdraw Harrison from the case following his deposition. Plaintiff's Counsel admits that Harrison had no viable claim against Defendants since he testified that he did not work any overtime hours at his deposition. (Pl.'s Resp. to Defs.' Mot. for Sanctions at 2.) However,

sanctions are still not warranted under the circumstances because Plaintiff's Counsel's conduct of keeping Harrison in the case, despite his admission, did not constitute a serious enough disregard to be considered bad faith under § 1927.[4]

The Third Circuit has held that "before a court can order the imposition of attorneys' fees under § 1927, it must find willful bad faith on the part of the offending attorney." Zuk, 103 F.3d at 297 (quoting Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989)). Indications that an attorney has acted in bad faith include the fact that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." In re Prudential, 278 F.3d at 188; see also Ford v. Temple Hospital, 790 F.2d 342, 347 (3d Cir. 1986) (holding that the "intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay" may be indicative of bad faith); Loftus v. Se. Pa. Transp. Auth., 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998), aff'd, 187 F.3d 626 (3d Cir. 1999)(holding that "[w]hen a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebuttable defense, bad faith can be implied"); Boykin v. Bloomsburg Univ. of Pa., 905 F. Supp. 1335, 1346 (M.D. Pa. 1995) (stating that "sanctions are appropriate under § 1927 where a party continues to pursue claims after having been formally or informally notified that these claims were barred by the statute of limitations"). Additionally, "even if a lawsuit was initially filed in good faith, sanctions may be imposed on an attorney for all costs and fees incurred after the continuation of the lawsuit which is deemed to be in bad faith." Boykin, 905

---

[4] As we previously discussed, § 1927 places no duty on Plaintiff's Counsel to investigate every opt-in plaintiff after they are conditionally certified. Therefore, sanctions are not warranted against Plaintiff's Counsel for any actions or inactions that occurred during discovery.

F. Supp. at 1446–47 (citing Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750 (7th Cir. 1988); Matthews v. Freedman, 128 F.R.D. 194, 207 (E.D. Pa. 1989)).

Although Plaintiff's Counsel failed to withdrawal Harrison from the case after his deposition, we do not feel this rises to the high level needed for sanctions to be warranted under § 1927.  See Ford, 790 F.2d at 347 (holding that "courts should exercise [this sanctioning power under § 1927] only in instances of a serious and studied disregard for the orderly process of justice"); In re Orthopedic, 193 F.3d at 796 (sanctioning powers should be used sparingly). Additionally, this bad faith conduct must be demonstrated by clear and convincing evidence. E.E.O.C. v. U.S. Steel Corp., 877 F. Supp. 2d 278, 291-92 (W.D. Pa. 2012).

Failing to withdrawal Harrison after the close of discovery, but prior to a motion to decertify, is not remotely as serious and disregardful as the previous cases that called for sanctions in our jurisdiction.  See, e.g., In re Prosser, 777 F.3d 154, 161 (3d Cir. 2015) (affirming sanctions imposed under § 1927 because of the numerous and inflammatory submissions by counsel); Price v. Trans Union, LLC, 847 F. Supp. 2d 788, 793-96 (E.D. Pa. 2012) (sanctioning counsel under § 1927 for improperly interfering with subpoenas to third parties by advising those parties not to respond to counsel's subpoenas); Hicks v. Arthur, 891 F. Supp. at 215-16 (E.D. Pa. 1995) (imposing § 1927 sanctions because claims plainly barred by federal and state law); Boykin, 905 F. Supp. at 1347 (imposing sanctions under § 1927 against counsel who burdened the court and opposing parties with multiple arguments that the court already previously rejected).

Unless Plaintiff's Counsel withdrew all of the opt-in plaintiffs, Defendants were required to file a motion to decertify, at the close of discovery, regarding any objections to the opt-ins

9

being added to the case. Plaintiff's Counsel's failure to remove Harrison from the case following his admissions in his deposition resulted in a negligible amount of additional work for Defendants in its Motion to Decertify and a little to no delay in the proceedings. See Zuk, 103 F.3d at 297 (citations omitted) (holding that "the principal purpose of imposing sanctions under 28 U.S.C. § 1927 is the deterrence of intentional and unnecessary delay in the proceedings"); LaSalle Nat'l Bank v. First Conn. Holding Grp., L.L.C. XXIII, 287 F.3d 279, 288 (3d Cir. 2002) (holding that "[a]lthough § 1927 provides a court with a mechanism for sanctioning vexatious and willful conduct, courts should exercise this sanctioning power only in instances of a serious and studied disregard for the orderly process of justice").

Defendants did not prove by clear and convincing evidence that Plaintiff's Counsel's actions regarding failing to withdraw Harrison after his deposition rose to a serious enough level to warrant sanctions under § 1927. See LaSalle Nat'l Bank, 287 F.3d at 289. Additionally, Defendants made no contention that Plaintiff's Counsel kept Harrison in the case for ulterior motives. Therefore, Plaintiff's Counsel will not be sanctioned for its conduct regarding Harrison after his admission in his deposition.

### b. Justin Walsh

Similarly, Plaintiff's Counsel will not be sanctioned for its conduct regarding Walsh. Defendants contend that Walsh had no viable legal claim since it was barred by the relevant statute of limitations; however, Plaintiff's Counsel still failed to withdraw him as an opt-in plaintiff. (Defs.' Mot. for Sanctions at 5-6.) As a threshold matter, we note that Defendants bear the burden of establishing as a matter of law that plaintiff's claims are barred by the statute of limitations. See Goddard v. State Farm Mut. Auto. Ins. Co., 992 F. Supp. 2d 473, 477 (E.D. Pa.

2014) (citing Van Buskirk v. Carey Canadian Mines, Ltd., 760 F.2d 481, 487 (3d Cir. 1985)). Under the FLSA, an employee has to file suit within three years after the cause of action accrued.[5] In this case, that would be the last date in which Walsh worked for Defendants and was not paid overtime wages. Defendants allege Walsh exceeded the maximum three year statute of limitations period since Walsh testified that he ceased working for Defendants prior to June of 2012, while the opt-in notice for Walsh was not filed until June 30, 2015. (Defs.' Mot. for Sanctions at 5-6.) However, we find that it was the previous counsel for Defendants, who failed to fully engage in the discovery process, that delayed the filing of the opt-ins.[6] (Pl.'s Resp. to Defs.' Mot. for Sanctions at 5-6.)

As early as January 10, 2014, Plaintiff submitted Interrogatories and Requests for Production of Documents designed to elicit the potential opt-in plaintiffs. (Id. at 5, Ex. A.) On March 26, 2014, we granted Plaintiff's Motion to Compel these discovery requests. (Doc. No. 12.) On June 19, 2014, we granted Plaintiff's Motion for Sanctions against the previous counsel for Defendants for their failure to comply with this Court's discovery timeline. (Doc. No. 16.) Although it was not Defendants' current counsel who caused the delay, a delay in discovery occurred due to no-fault of Plaintiff's Counsel. This delay resulted in Plaintiff's Counsel receiving discovery late regarding the identification of putative class members, which, in turn, resulted in opt-in notices being filed later than they possibly could have been.

---

[5] See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132 (1988) (noting that the FLSA has a normal two year statute of limitations, but in 1966 Congress enacted a three year exception for willful violations).

[6] On November 11, 2014, we granted the Motion to Withdrawal as counsel for the Defendants filed by David M. Macfarlan, Esquire. (Doc. No. 22.) Defendants' current counsel entered their appearance on December 11, 2014. (Doc. No. 25.)

We find that Plaintiff's Counsel's conduct does not rise to the level of bad faith; rather, it constitutes "well intentioned zeal."  See LaSalle Nat'l Bank, 287 F.3d at 289 (holding that "sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal").  We will not punish Plaintiff's Counsel for conduct out of its control.  Therefore, Plaintiff's Counsel will not be sanctioned for its conduct regarding Walsh.

### B. *Sanctions Pursuant to the Inherent Power of the Court*

In addition to seeking sanctions pursuant to § 1927, Defendants petition for the Court to utilize our inherent powers to sanction Plaintiff's Counsel.  (Defs.' Mot. for Sanctions at 9.)  The aforementioned inherent powers arise from the necessity to exercise the other enumerated powers of the court.  See Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1224 (3d Cir. 1995) ("[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed within a Court, because they are necessary to the exercise of all others.")

As a general rule, "a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious and no other basis for sanctions exists."  Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995).  In reference to this litigation, a court can utilize its inherent powers to sanction an offending party where the party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Fellheimer, 57 F.3d at 1224.  However, we reject Defendants' Motion and refuse to invoke our inherent powers because Defendants have failed to demonstrate any such "egregious" circumstances.

## IV.     CONCLUSION

For the aforementioned reasons, we find that the Defendant's Motion for Sanctions pursuant to § 1927 and the inherent powers of the Court lacks merit.  Consequently, Defendants' Motion is denied.

An appropriate Order follows.