IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY D. HARRISON, on behalf of himself and others similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| v | No. 13-5353 |
| DELGUERICO'S WRECKING & SALVAGE, INC. and TONY DELGUERICO, Individually, | |
| Defendants. | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                          June 10, 2016

Presently before this Court is Defendants, DelGuerico's Wrecking & Salvage, Inc. and Tony DelGuerico's ("Mr. DelGuerico") (collectively "Defendants"), Motion For Summary Judgment, the Response in Opposition by Plaintiff, Zachary Harrison ("Plaintiff"), and Defendants' Reply to Plaintiff's Opposition. For the reasons set forth below, the Motion is denied.

## I.   BACKGROUND

On September 13, 2013, Plaintiff filed a Complaint alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (See Compl. ¶ 4.) Specifically, Plaintiff filed this action on behalf of himself and others similarly situated current and former employees of DelGuerico's Wrecking and Salvage, Inc. pursuant to 29 U.S.C. § 216(b). (Id. ¶ 11.) On January 22, 2015, Plaintiff filed a Motion to Certify Class. (Doc. No. 31.) On March 18, 2015, this Court granted Plaintiff's Motion. (Doc. No. 35.) On June 30, 2015, in accordance with this

ruling, Plaintiff filed 7 opt-in forms for the following individuals: (1) Travis Coon; (2) Joel Harrison; (3) Zachary Harrison; (4) Kayla Huhn; (5) Tyler Keeping; (6) Larry Snyder, Jr.; and (7) Justin Walsh.  (Doc. No. 36.)

Plaintiff alleged that Defendants failed to pay him and these similarly situated former and current employees overtime wages for a number of years, either claiming them as exempt employees under 29 U.S.C. § 213(b)(1) or misidentifying employees as independent contractors.  (See Compl. ¶¶ 20-22.)  Plaintiff asserted that, although he and these other employees often worked overtime hours, Defendants only compensated them with their "regular rate of pay" as defined by Section 207 of the FLSA.  (Id. at ¶ 20.)  Defendants filed a Motion to Decertify the class on December 31, 2015.  (Doc. No. 48.)  We granted this Motion on March 2, 2016, which decertified the class, leaving only Zachary Harrison as a Plaintiff.  (Doc. No. 52.)

Presently before this Court is Defendants' Motion for Summary Judgment.  (Doc. No. 54.)  Defendants allege that the claim must be dismissed since Plaintiff falls within the scope of the Motor Carrier Act's ("MCA") exemption to the FLSA.  (Defs.' Mot. for Summ. J.)

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law"  See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of

a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

### III. DISCUSSION

#### A. The Statutes

This Motion requires consideration of two statutes: the FLSA and the MCA. The FLSA requires employers to compensate employees at a rate of no less than one and half times the normal rate of pay for any hours worked in excess of forty hours per week, unless one of the exemptions applies. 29 U.S.C. § 207(a)(1). "Congress enacted the FLSA to protect all covered

3

workers from substandard wages and oppressive working hours and to ensure that covered employees would receive a fair day's pay for a fair day's work." Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 (3d Cir. 2015) (internal quotations omitted) (citing Parker v. NutriSystem, Inc., 620 F.3d 274, 279 (3d Cir. 2010)). Employers who violate the provisions of the FLSA are "liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Therefore, under the FLSA, employers must pay overtime compensation to employees who work for more than 40 hours a week "unless one or another of certain exemptions applies." Packard v. Pittsburgh Transp. Co., 418 F.3d 246, 250 (3d Cir. 2005). An exemption to the FLSA is an affirmative defense. Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010). When deciding if an exemption applies, we are mindful '"that exemptions from the FLSA are construed narrowly against the employer,' with the employer bearing the burden to prove 'plainly and unmistakably' that its employees are exempt." Resch, 785 F.3d at 872 (quoting Packard, 418 F.3d at 250).

The exemption at issue for this Motion, the MCA exemption, appears in Section 13(b)(1) of the FLSA, and provides that overtime pay is not required for "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions" of the MCA. 29 U.S.C. § 213(b)(1). The MCA provides, in relevant part, that the Secretary of Transportation has jurisdiction "over transportation by motor carrier . . . to the extent that passengers, property, or both, are transported by motor carrier between a place in . . . a State and a place in another State." 49 U.S.C. § 13501.

4

"Congress created the MCA exemption to eliminate any conflict between the jurisdiction exercised by the Department of Labor ("DOL") over the FLSA and the mutually exclusive jurisdiction exercised by the DOT over the MCA." Walters v. Am. Coach Lines of Miami, Inc., 575 F.3d 1221, 1226 (11th Cir. 2009) (per curiam) (citing Spires v. Ben Hill County, 980 F.2d 683, 686 (11th Cir. 1993)). "[T]he Supreme Court stated that the Motor Carrier Act exemption is triggered by the mere existence of the Secretary of Transportation's power to regulate, not the actual exercise of that power." Mayan v. Rydbom Exp., Inc., No. 07–2658, 2009 WL 3152136, at *3 (E.D. Pa. Sept. 30, 2009) (citing Levinson v. Spector Motor Serv., 330 U.S. 649, 678 (1947)). Since this is a Motion for Summary Judgment, Defendants have the burden to prove that Plaintiff qualifies for the MCA exemption based on undisputed facts, or if Plaintiff disputes material facts, then based on Plaintiff's version of those facts.

**B. Analysis**

The MCA exemption depends "both on the class to which [the employee's employer] belongs and on the class of work involved in the employee's job." 29 C.F.R. § 782.2(a). Thus, in order for the MCA exemption to apply, the Defendant bears the burden to prove two factors: (1) "the employer is a carrier subject to the DOT's [Department of Transportation] jurisdiction," and (2) "the employee is a member of a class of employees that 'engage[s] in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].'" Mazzarella v. Fast Rig Support, LLC, 115 F. Supp. 3d 500, 504-05 (M.D. Pa. 2015) (quoting Resch, 785 F.3d at 872).

5

We will not address the first factor, whether Defendants' business was subject to the DOT's jurisdiction, since Defendants have failed to provide sufficient proof of the relevant time frame of its interstate travel in order to subject Plaintiff to the MCA exemption as required in the second factor. Plaintiff admits he was a driver "95% of the time." (Pl.'s Resp. to Defs.' Mot. for Summ. J. at 4.) The United States Supreme Court ("Supreme Court") has specifically concluded that drivers affect the safety of operation of motor vehicles. See Levinson, 330 U.S. 649; Morris v. McComb, 332 U.S. 422 (1947). Since Plaintiff engages in activities of a character directly affecting the safety of operation of motor vehicles, the ultimate issue becomes whether Plaintiff was subject to being used in interstate travel during his tenure putting him under the ambit of the DOT's jurisdiction. See 29 C.F.R. § 782.2(d).

To satisfy this second factor of the MCA exemption, Defendants must establish either that "the activities of the [Plaintiff] involved interstate travel of a character that was more than [de minimis ] or that interstate travel was a 'natural, integral and . . . inseparable part' of the position [Plaintiff] held." Dauphin v. Chestnut Ridge Transp., Inc., 544 F. Supp. 2d 266, 275 (S.D. N.Y. 2008) (citing Morris, 332 U.S. at 433). The DOT has jurisdiction "even if the driver has not personally driven in interstate commerce if, because of company policy and activity, the driver could reasonably be expected to do interstate driving." Resch, 785 F.3d at 873–74 (citing DOT Notice, 46 Fed. Reg. at 37, 903). "In determining whether the drivers had reasonable expectations of interstate driving, courts look at whether the carrier-employer conducted interstate work or whether the carrier-employer actively attempted to obtain interstate work during the period in question." Chao v. Gary Bauerly, LLC, No. 03-6200, 2005 WL 1656915, at *4 (D. Minn. July 14, 2005).

6

Grappling with some mild tension in the case law regarding the proper time period to use for determining jurisdiction, the Secretary of Transportation, through the Federal Highway Administration ("FHWA"), promulgated a notice of interpretation regarding jurisdiction, and it provides, in relevant part, that:

> The FHWA view is that in order to establish jurisdiction . . . the carrier must be shown to have engaged in interstate commerce within a reasonable period of time prior to the time at which jurisdiction is in question.  The carrier's involvement in interstate commerce must be established by some concrete evidence such as an actual trip in interstate commerce or proof . . . that interstate business had been solicited.  If jurisdiction is claimed over a driver who has not driven in interstate commerce, evidence must be presented that the carrier has engaged in interstate commerce and that the driver could reasonably have been expected to make one of the carrier's interstate runs.  Satisfactory evidence would be statements from drivers and carriers, and any employment agreements.
>
> Evidence of driving in interstate commerce or being subject to being used in interstate commerce should be accepted as proof that the driver is subject to 49 U.S.C. 304 for a **4–month period from the date of the proof**.  The FHWA believes that the 4–month period is reasonable because it avoids both the too strict week-by-week approach and the situation where a driver could be used or be subject to being used once and remain subject to jurisdiction under 49 U.S.C. 304 for an unlimited time.

46 Fed. Reg. 37, 902, 37, 903 (1981) (emphasis added).  Several courts have applied the DOT's suggested four-month rule.  See Williams v. Tri–State Biodiesel, L.L.C., No. 13-5041, 2015 WL 305362, at *11 (citing Johnson v. Hix Wrecker Serv., Inc., 651 F.3d 658, 662 n.2 (7th Cir. 2011); Buscarino v. TQ Logistics, Inc., No. 08-3882, 2010 WL 3211708, at *6 (D.S.C. Aug. 11, 2010); Veliz v. Cintas Corp., No. 03-1180, 2008 WL 4911238, at *6 (N.D. Cal. Nov. 13, 2008); Molina v. First Line Solutions LLC, 566 F. Supp. 2d 770, 782–83 (N.D. Ill. 2007); Ballou v. DET Distrib. Co., No. 03-1055, 2006 WL 2035729, at *14 (M.D. Tenn. July 17, 2006); Chao, 2005

WL 1656915, at *4 n. 2). Finding no contrary binding case law, we will also apply the four-month rule.

Here, it is undisputed that Plaintiff worked for Defendants from June of 2012 until June of 2013. (Defs.' Statement of Undisputed Facts ¶ 3.) Defendants attached an affidavit of Mr. DelGuerico in which he states, in part, that Plaintiff "made at least 5 trips to New Jersey." (Defs.' Mot. for Summ. J. Ex. F.) However, this material fact is in dispute since Plaintiff testified he did not partake in any interstate travel while working for Defendants, and for a summary judgment motion, we have to look at facts in a light most favorable to Plaintiff. (Zachary Harrison Dep. 8/20/15, p. 49:8-23.). For this Motion, it also is worth noting that Defendants attached a joint sworn certification of three of its drivers who discuss Plaintiff's job duties, but make no mention of Plaintiff participating in any interstate travel. (Defs.' Mot. for Summ. J. Ex. G.) However, this dispute does not end our inquiry as Plaintiff could be subject to the DOT's jurisdiction even if he did not participate in interstate travel if it is found that, because of Defendants' policy and activity, he could reasonably be expected to participate in interstate driving. Resch, 785 F.3d at 873–74. As noted above, we will apply the four-month rule promulgated by the Secretary of Transportation in order to make our determination.

Mr. DelGuerico testified that he produced all of the documents relating to the delivery of recyclables involving interstate travel. (Tony DelGuerico Dep. 12/15/15, pp. 16:15-18; 25:25-26:5.) The documents produced include fewer than thirty transactions ranging from December of 2013 to July of 2015. (Pl.'s Resp. to Defs.' Mot. for Summ. J at 1-2; Ex. A.) Thus, all the interstate travel transactions Defendants participated in occurred more than four months after Plaintiff stopped working for Defendants in June of 2013, so Defendants have failed to establish

as a matter of law that Plaintiff was subject to the DOT's jurisdiction during his employment. See Johnson, 651 F.3d at 663 (reversing grant of motion for summary judgment where evidence did not "establish that [the employee] was subject to being used in interstate commerce during a four-month period or during any other 'reasonable period of time'") (citation omitted); Ballou, 2006 WL 2035729, at *14 ("[W]here a carrier has been shown to operate in interstate commerce, the Secretary of Transportation will assert jurisdiction over an employee for a 4–month period beginning on the last date the employee could have been called upon to make an interstate run.") (citation omitted). Defendants have failed to produce any undisputed facts that Plaintiff was called upon to partake in interstate travel during his employment. Both Mr. DelGuerico and the three drivers' affidavits mention the fact that Defendants' drivers were at times called on to make trips to New Jersey. (Defs.' Mot. for Summ. J. Ex. F; Ex. G.) However, none of the affidavits mention the frequency, dates, or relevant time frame of these occurrences. These statements are simply too vague to support a motion for summary judgment.

"A party opposing summary judgment does not have to rebut factual propositions on which the movant bears the burden of proof and that the movant has not properly supported in the first instance." See Johnson, 651 F.3d at 662 (citing Celotex, 477 U.S. at 325–26; Reserve Supply Corp. v. Owens–Corning Fiberglas Corp., 971 F.2d 37, 42 (7th Cir. 1992); In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003)). This is crucial as it reminds us that Defendants bear the burden of proving that the MCA exemption exists. This case is factually analogous to the Johnson case. 651 F.3d 658. In Johnson, the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") reversed a district court's decision granting summary judgment to an employer because the Seventh Circuit found the employer's evidence insufficient to show that

his employee fell within the MCA exemption.  Id. at 662.  The court quoted and endorsed the four-month rule set forth in the notice of interpretation promulgated by the DOT.  Id. at 661-62.  The only evidence the employer submitted as proof of the Secretary of Transportation's jurisdiction was an affidavit from its corporate secretary which stated that the employer's drivers could be subject to being assigned to an interstate trip on any given day.  Id. at 662–63.  The court held:

> [the] affidavit does not show that [the employer] engaged in interstate commerce within a 'reasonable period of time' prior to the time during which it claims the exemption for [the employee].  And the affidavit does not establish that [the employee] was subject to being used in interstate commerce during a four-month period or during any other 'reasonable period of time.'  [The secretary's] affidavit only states that [the employer] 'routinely' provides out-of-state services for its customers.  In using the word 'routinely,' [the secretary] could have meant every day, but she also could have meant some other time period, such as every six months or every year.  The affidavit is simply too vague for a court to determine whether the period [the secretary] had in mind was 'reasonable,' as contemplated by the Department of Transportation's notice of interpretation.  [The secretary's] statement that [the employee] was subject to being assigned to an out-of-state wrecker service run at all times during his employment with [the employer] does not cure this deficiency.  [The secretary] provides no additional details regarding when (or if) [the employee] was actually assigned to out-of-state runs, or regarding [the employer's] practices.  Instead, she merely recites (nearly verbatim) the rule that an employee is exempt so long as the employee is 'subject, at any time, to be[ing] assigned to interstate trips.'

Id. (internal citations and quotations omitted).

The facts of our case are similar to Johnson.  Here, there is no actual evidence presented on when Plaintiff allegedly took his interstate runs.  There is not even any evidence presented that interstate runs occurred while Plaintiff was employed.  Mr. DelGuerico was very vague in

his two depositions and did not have exact answers for how often Defendants' drivers would go to New Jersey or how much revenue is generated from business resulting from dealings with New Jersey.[1] Mr. DelGuerico was also largely unsure of specific facts in his deposition as he answered "I don't recall" or "I don't know" on numerous occasions and admitted that his business had "sloppy" record keeping. (Id. at pp. 34:10-35:3.) Further, Defendants did not produce any route sheets for any of its drivers, and Mr. DelGuerico was unsure if route sheets were even kept or made by Defendants. (Id. at pp. 17:24-19:19.)

Despite all this uncertainly, Defendants attached an affidavit of Mr. DelGuerico to this current motion, which read, in relevant part, that "at least 40% of the recyclables collected are sold and transported out of state and weekly by [Defendants]" and "at least 8% of [Defendant's] revenue comes from selling recyclables, which are transported out of state by brokers or . . . drivers."[2] (Defs.' Mot. for Summ. J. Ex. F.) He also stated that "we [Defendants] were called at random times particularly by contractors throughout New Jersey and any of the CDL drivers had to be ready or willing to travel." (Id.) He also stated that Plaintiff made at least five trips to New Jersey during his tenure. (Id.) Defendants also cite the joint sworn certification of three of its drivers who all certified they made trips to various locations in New Jersey "as needed." (Defs.' Mot. for Summ. J. Ex. G.) Although these affidavits help illustrate that, at some point in the past, Defendants engaged in interstate travel, there is no information regarding the time frame or

---

[1] Mr. DelGuerico testified that Defendants "deliver and do pickups in New Jersey regularly." (Tony DelGuerico Dep. 12/15/15, p. 35:6-10.) However, he then testified that Defendants "don't do regular pickups in New Jersey. It's all on-call service that is hit or miss." (Id. at p. 74:4-6.) He then testified that Defendants do not track revenue that it receives from any recycling done outside the state of Pennsylvania. (Tony DelGuerico Dep. 10/29/15, p. 35:6-10.) Defendants also do not maintain a list of where they send their garbage and recycling too. (Tony DelGuerico Dep. 12/15/15, p. 32:2-10.)

[2] When making our determination, we aware that "prior depositions are more reliable than affidavits." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007).

frequency of these trips. This is very similar to the affidavit in <u>Johnson</u> that the court found to be too vague when, in that case, the affidavit stated that the employer "routinely" provides out-of-state services for its customers. 651 F.3d at 662-63. This vagueness was not cured by the statement that the employee "was subject to being assigned to an out-of-state wrecker service run at all times during his employment." <u>Id.</u>

Defendants have not proven as a matter of law that Plaintiff was subject to being used in interstate commerce since they failed to provide proof that they engaged in interstate travel during Plaintiff's employment or within four months of his employment. 46 Fed. Reg. 37, 903 ("[E]vidence of driving in interstate commerce or being subject to being used in interstate commerce should be accepted as proof that the driver is subject to 49 U.S.C. 304 for a 4–month period from the date of the proof."). Just as in <u>Johnson</u>, Defendants cannot carry the day on the question of whether Plaintiff is exempt, a point on which it bears the burden of proof, with only inconclusive and ambiguous affidavits. 651 F.3d at 663. Remember, Defendants bear the heavy burden to prove "plainly and unmistakably" that Plaintiff falls under the MCA exemption. <u>Resch</u>, 785 F.3d at 872. The facts are simply to scarce, inconsistent, and vague for us to conclude that, as a matter of law, Plaintiff is exempt from the FLSA.[3] To allow Defendants to prevail at this stage in the case when they have provided little to no documentation in discovery, provided a minute amount of facts in their depositions, and then simply attach a vague inconsistent affidavit to their Motion for Summary Judgment would make it way too easy for

---

[3] Defendants do not offer any explanation of how Mr. DelGuerico came to the conclusion in his affidavit that "at least 40% of the recyclables collected are sold and transported out of state and weekly by [Defendants]" when he previously testified that he produced all of the documents relating to the delivery of recyclables outside of Pennsylvania. (Tony DelGuerico Dep. 12/15/15, pp. 16:15-18; 25:25-26:5.) The documents produced include fewer than thirty transactions ranging from December of 2013 to July of 2015 totaling $17,214.74. (Pl.'s Resp. to Defs.' Mot. for Summ. J at 1-2; Ex. A.) The percentage of revenue from the interstate trips would be 0.0086% as Mr. DelGuerico testified his total revenue was "2 plus" in 2014. (Tony DelGuerico Dep. 10/29/15, pp. 11:20-12:3.)

employers to get around the maximum hours provisions of the FLSA.  See Johnson, 651 F.3d at 663.

## IV. CONCLUSION

Accordingly, taking the facts in the light most favorable to Plaintiff, we cannot conclude that Defendants have met its heavy burden to demonstrate that it is entitled to the Motor Carrier Act exemption to the FLSA.  Consequently, we deny Defendants' Motion for Summary Judgment.

An appropriate Order follows.