IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY D. HARRISON | : |
| | : CIVIL ACTION |
| Plaintiff, | : No.: 13-5353 |
| | : |
| v. | : |
| | : |
| DELGUERICO'S WRECKING & SALVAGE, INC., *et al.* | : |
| | : |
| Defendant. | : |

## ORDER

AND NOW, this _____ day of _____, 2016, upon consideration of the Parties' Joint Motion for Approval of settlement, it is hereby **ORDERED** that the settlement is APPROVED. The above-captioned matter is hereby dismissed with prejudice pursuant to Local Rule 41.1(b).

_____
The Hon. Robert F. Kelly, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY D. HARRISON | CIVIL ACTION |
| Plaintiff, | No.: 13-5353 |
| v. | |
| DELGUERICO'S WRECKING & SALVAGE, INC., et al. | |
| Defendant. | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

The Parties, by and through their counsel, hereby jointly file the instant Motion jointly for approval of settlement.

1. The above-captioned matter was initiated in September of 2013 as a putative collection action under the Fair Labor Standards Act ("FLSA"). National jurisprudence identifies that settlements under the FLSA require court approval.[1]

2. Following discovery and briefing, this Court decertified the collective action that was conditionally certified. As a result of decertification, only the named plaintiff, Zachary D. Harrison, remained as a plaintiff in the above-captioned case.

3. Plaintiff Harrison's exact hours worked were retained and identified in payroll records. The Parties therefore stipulated amongst themselves for purposes of settlement discussions that: (a) Plaintiff Harrison was paid straight time for all hours worked beyond 40

---

[1] *See e.g. Brooklyn Savings Bank v. O'Neill*, 324 U.S. 687 (1945); *D.A. Shulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir.1982)(FLSA claims cannot be settled absent a court order or DOL approval); *Webb v. CVS Caremark Corp.*, WL 6743284 (M.D. Ga. 2011); *Misiewicz v. D'Onofrio Gen'l Contractors*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. 2010); *Baker v. Dolgencorp, Inc.*, WL 166257 (E.D. Va. 2011); *Burkholder v. City of Ft. Wayne*, 750 F.Supp.2d 990 (N.D. Ind. 2010); *Goudie v. Cable Commc'ns, Inc.*, CV. No. 08-507-AC, 2009 WL 88336, at *1 (D.Or. 2009); *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D.Ariz. 2007); *Yue Zhou v. Wang's Rest.*, No. C 05-0279 PVT, 2007 WL 2298046, at *1 (N.D.Cal. 2007); *Tran v. Thai*, WL 2477653 (S.D. Tex. 2009); *Monelus v. Tocodrian, Inc.*, 598 F.Supp.2d 1312 (S.D. Fla. 2008).

hours per week; (b) that if he prevailed in his legal claims, he would be entitled to an additional ½ time for each hour worked over 40 hours per week during his approximate 11-month tenure; and (c) that if he prevailed he would be entitled a total sum of unpaid overtime totaling $4,654.52.

4. On September 1, 2016, the Hon. David R. Strawbridge, U.S.M.J., held a settlement conference in the above-captioned matter. Judge Strawbridge presided over the settlement conference for several hours, specifically agreed that a settlement of $10,000.00 was fair and reasonable, and provided the Parties with 1 week to determine if the case could be resolved at this sum. The Parties agreed on this settlement sum with payment to be made within 90 days.

5. The settlement should be approved reasons including but not limited to:

   (1) Judge Strawbridge has already determined to this settlement to be fair and reasonable and requested that the Parties expressly inform this Court of his determination (although the Parties recognize this Court's review is dispositive, not other judges);

   (2) Plaintiff is in fact being made whole for any potential overtime compensation he may have received even if the matter had proceeded to trial; and

   (3) As this Court knows, Defendant adamantly has disputed that Plaintiff is even entitled to overtime compensation and has vigorously maintained a defense under the Motor Carrier Act ("MCA") which does not mandate overtime to be paid to commercial truck drivers (the position Plaintiff held) when an employer can establish the requisite elements of the exemption. Thus, Plaintiff Harrison risked proceeding to trial and receiving nothing and/or having to pay all incurred expenses by Defendants under Fed.R.Civ.P. 54.

6. In furtherance of this Court's consideration, the Parties attach hereto the executed settlement agreement amongst the Parties setting forth all terms. In light of the uncertainty of a jury trial, Plaintiff being made whole, and this Court's Magistrate Judge finding the terms to be reasonable already, the Parties jointly request approval of the settlement as referenced herein.

                                        Respectfully submitted,

**KARPF, KARPF, & CERUTTI, P.C.**     **ANTHEIL, MASLOW & MACMINN, LLP**

*/s/ Ari R. Karpf*                                */s/ Thomas Donnelly*
Ari R. Karpf, Esquire                 Thomas Donnelly, Esq.
3331 Street Road                     131 W. State Street
Two Greenwood Square           Doylestown, PA 18901
Bensalem, PA 19020               (215) 230-7796
(215) 639-0801

Dated: October 14, 2016

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a Settlement Agreement and General Release ("Agreement") entered into this ____ day of October 2016, by and between Delguerico's Wrecking & Salvage and Tony Delguerico (collectively "Defendants") and Zachary Harrison ("Plaintiff" or "Harrison"). Defendants and Plaintiff shall collectively be referred to at times herein as "the Parties."

**WHEREAS**, Plaintiff was employed by Defendants from 2013-2014 until his voluntary separation; and

**WHEREAS**, Plaintiff filed a lawsuit in the U.S. District Court for the Eastern District of Pennsylvania, captioned Zachary Harrison v. Delguerico's Wrecking & Salavage, et. al.; Docket No.: 13-CV-5353.

**WHEREAS**, the Parties wish to amicably resolve these and all other existing and/or potential disputes which may arise relating to and in connection with Plaintiff's employment and separation from employment;

**NOW THEREFORE**, intending to be legally bound, and in consideration of the mutual promises and commitments set forth in this Settlement Agreement and General Release, the Parties hereby agree as follows:

1. **Payment.** In consideration for the promises, agreements and legal releases stated herein, Defendants agree to pay Plaintiff a total payment of $10,000.00 (Ten Thousand Dollars and Zero Cents), payable on IRS 1099 Forms as follows: in a single check made payable to Antheil Maslow & MacMinn, LLP. This payment will be made on or before December 11, 2016.

2. **Withdrawal / Dismissal of Pending Lawsuit.** Plaintiff agrees to withdraw, with prejudice, the above-referenced lawsuit filed in the U.S. District Court for the Eastern District of Pennsylvania upon receipt of the consideration recited in paragraph 1. Except as compelled by law, Plaintiff further agrees to refrain from instituting, prosecuting, filing or processing or assisting or cooperating with the instituting, prosecuting, filing or processing of any litigation, state or federal administrative charges, including the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission, against Defendants, their officers, employees, partners, agents, attorneys or insurers (collectively, referred throughout this Agreement as "Defendants"), which in any way relate to or arise out of the claims asserted in the above referenced litigation. Plaintiff further states that, at the time of execution of this Agreement, he does not possess any information or knowledge that would provide a basis for any other suit, cause of action or charge against Defendants.

3. **General Release.** In consideration for the commitments and benefits set forth herein, consideration which Plaintiff hereby acknowledges is in addition to anything of value to which he is already entitled, Plaintiff releases and discharges Defendants, their officers, employees, affiliates partners, agents, attorneys and insurers from all claims, from all liabilities, demands, remedies and causes of action known or unknown, fixed or contingent, which Plaintiff may have or claim to have against Defendants arising out of or in any way connected to his employment or separation from employment with Defendants, and does hereby covenant not to

Page 1 of 3

file a lawsuit to assert such claims. By this Release, Plaintiff knowingly and voluntarily waives any and all rights, as well as all remedies, provided by or under any federal, state or local laws prohibiting unlawful employment discrimination or harassment or otherwise relating in any way to his employment relationship with Defendants or his termination from that employment, including but not limited to: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*; (2) the Public Employee Relations Act, 43 P.S. § 1101.101 *et seq.*; (3) the Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*; (4) the Americans With Disabilities Act, 29 U.S.C. § 706 *et seq.*; (5) the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*; (6) the Fair Labor Standards Act, 29 U.S.C. § 201; (7) the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA"), 29 U.S.C. § 1161 *et seq.*; (8) Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et. seq.*; (9) the Civil Rights Act of 1990, 42 U.S.C. §§ 1981, 1983, 1985 & 1988; (10) the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.*; (11) the United States Constitution; (12) The First Amendment to the U.S. Constitution; (13) The Pennsylvania Child Protective Services Law, 23 Pa. C.S. §6301 et seq.; (14) The Pennsylvania Whistleblower Law, 43 P.S. §1421 et seq.; and (15) state and federal wage and overtime laws and any and all laws, acts, statutes, ordinances, regulations, or any recognized cause of action of the Commonwealth of Pennsylvania that relate in any way to any claim or possible claim that Plaintiff may have against Defendant, including any and all laws, statutes, acts of Pennsylvania that relate to wrongful termination, employment discrimination, harassment, retaliation and equal pay. Plaintiff is not being asked to, and does not release, any claim which is non-waivable as a matter of law.

4. **Non-Admission of Liability or Wrongdoing.** Plaintiff hereby acknowledges and agrees that this Settlement Agreement and General Release is being executed as a compromise of potential claims and legal actions and that it is not, and shall not be construed as, an admission, concession or evidence of liability or wrongdoing of any nature or description whatsoever on the part of Defendants.

5. **Governing Law.** This Agreement shall be governed by and construed under the laws of the Commonwealth of Pennsylvania. A photocopy of a fully executed Agreement shall be deemed an original for all purposes.

6. **No Tax Representations.** This Release is intended to terminate any and all litigation of whatsoever kind or nature against Defendants, their officers, employees, partners, officials, attorneys, insurers, agents and assigns arising out of the employment and separation of employment of Plaintiff from Defendants. Plaintiff acknowledges that Defendants make no representations or warranties with respect to the tax consequences of the Settlement Payment. Similarly, Plaintiff acknowledges that he has not relied upon any advice from Defendants and/or its attorneys regarding the Payment's taxability, whether pursuant to federal, state or local tax statutes or regulations or otherwise. Plaintiff shall be responsible for all taxes related to the settlement proceeds herein.

7. **Non-Disparagement**. The Parties further agree not to defame or disparage the other or their products or services, or make or solicit any comments, statements or the like to the media or others that may be considered to be derogatory or harmful to the good name or business reputation of the other.

8. **Entire Agreement.** Plaintiff acknowledges that he has carefully read and fully understands the provisions of this Settlement Agreement and Release, which sets forth the entire agreement between Plaintiff and Defendants. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this Agreement.

9. **Consultation with Legal Counsel.** Plaintiff hereby acknowledges that he has been advised in writing that he should consult an attorney prior to executing this Agreement. Plaintiff further acknowledges that he has carefully read and fully understands all of the provisions of this Settlement Agreement and General Release and that he enters into it knowingly and voluntarily.

10. **Counsel Fees.** Each side will bear their own attorneys fees and costs arising from the actions of their respective counsel in connection with the complaint and settlement of this matter. It is expressly understood that Plaintiff is not to be deemed a "prevailing party," and this settlement was intended to encompass attorney's fees in the settlement sum. No party shall file for or request any attorney's fees from any agency, court, tribunal or judge.

11. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall be deemed original but all of which together shall constitute one and the same instrument.

READ AND AGREED:

BY: ZACHARY D. HARRISON

_____
Zachary D. Harrison

Date: _____

BY: TONY DELGUERICO (*on behalf of himself and any actual or potential business defendants*)

_____
Date: 10-10-16

8. **Entire Agreement.** Plaintiff acknowledges that he has carefully read and fully understands the provisions of this Settlement Agreement and Release, which sets forth the entire agreement between Plaintiff and Defendants. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this Agreement.

9. **Consultation with Legal Counsel.** Plaintiff hereby acknowledges that he has been advised in writing that he should consult an attorney prior to executing this Agreement. Plaintiff further acknowledges that he has carefully read and fully understands all of the provisions of this Settlement Agreement and General Release and that he enters into it knowingly and voluntarily.

10. **Counsel Fees.** Each side will bear their own attorneys fees and costs arising from the actions of their respective counsel in connection with the complaint and settlement of this matter. It is expressly understood that Plaintiff is not to be deemed a "prevailing party," and this settlement was intended to encompass attorney's fees in the settlement sum. No party shall file for or request any attorney's fees from any agency, court, tribunal or judge.

11. **Counterparts.** This Agreement may be executed in several counterparts, each of which shall be deemed original but all of which together shall constitute one and the same instrument.

READ AND AGREED:

BY: ZACHARY D. HARRISON

_____
Zachary D. Harrison
Date: 10/11/16

BY: TONY DELGUERICO (*on behalf of himself and any actual or potential business defendants*)

_____
Date: _____